Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREL DRESSEL, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> KEN RUBMAN; MIAMI BEACH REALTY, LLC, d/b/a KELLER WILLIAMS MIAMI BEACH REALTY, and DOES 1 through 10, inclusive, and each of them, <br><br> Defendants. | Case No: <br><br> **CLASS ACTION** <br><br> 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 *et seq.*] <br> 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 *et seq.*] <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff DARREL DRESSEL ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

///
///

**CLASS ACTION COMPLAINT**
-1-

## NATURE OF THE CASE

1.     Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of KEN RUBMAN (hereinafter "RUBMAN") and MIAMI BEACH REALTY, LLC, d/b/a KELLER WILLIAMS MIAMI BEACH REALTY (hereinafter "MIAMI BEACH REALTY"),

hereinafter collectively referred to as "Defendants," in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's home and cellular telephones in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.     Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendants, a Florida resident and a Florida company. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.     This Court has personal jurisdiction over Defendants KEN RUBMAN and MIAMI BEACH REALTY, LLC because, on information and belief, KEN RUBMAN and Miami Beach Realty, LLC, conduct business in the State of California and within this district, advertising of their services through solicitation calls to California residents. Further, the calls alleged herein were placed to California phone numbers with area codes (310) and (818), alleged herein.

4.     Venue is proper in the United States District Court for the Central

District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendants does business within the State of California and Plaintiff resides within the County of Los Angeles.

## PARTIES

5. Plaintiff, DARREL DRESSEL ("Plaintiff"), is a natural person residing in Agoura Hills, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6. Defendant RUBMAN is a Real Estate Sales Associate licensed in the State of Florida, and a "person" as defined by *47 U.S.C. § 153 (39)*. Plaintiff is informed and believes and based thereon alleges that in an effort to avoid liability for violations of the TCPA, Defendant KEN RUBMAN, is employed as an independent contractor and franchisee by Defendant Miami Beach Realty, LLC, and authorized by them to do business, and doing business, in the State of California. Plaintiff is informed and believes and based thereon alleges these independent contractors are directly tasked with advertising, marketing and soliciting their services nationwide

7. Defendant MIAMI BEACH REALTY is a nationwide real estate agent franchise company, and is a "person" as defined by *47 U.S.C. § 153 (39)*. Plaintiff is informed and believes and based thereon alleges that in an effort to avoid liability for violations of the TCPA, Defendant MIAMI BEACH REALTY, employs independent contractors and franchisees, authorized by Defendant MIAMI BEACH REALTY to do business, and doing business in the State of California. Plaintiff is informed and believes and based thereon alleges these independent contractors are directly tasked with advertising, marketing and soliciting Defendant MIAMI BEACH REALTY's service nationwide.

8. Plaintiff is informed and believes and based thereon alleges that Defendant KEN RUBMAN is directly responsible for any and all improper telephone calls he placed, despite being labeled as an "independent contractor" or

"franchisee," in marketing/soliciting MIAMI BEACH REALTY's services.

9. Defendant KEN RUBMAN was hired to perform, and did perform, sales and marketing on behalf of himself for MIAMI BEACH REALTY.

10. Plaintiff further is informed and believes and based thereon alleges that Defendant MIAMI BEACH REALTY is directly responsible for the actions of its Franchisee agents, including any and all improper telephone calls placed by agents, despite labeling such agents as "independent contractors" or "franchisees", in marketing/soliciting Defendant MIAMI BEACH REALTY's services.

11. On information and belief, Defendant MIAMI BEACH REALTY exercised control over its agents by reviewing, editing, and approving scripts and content used in automated calls, reviewing website content, authorizing certain permitted use of the Defendant MIAMI BEACH REALTY, doing business as "Keller Williams," licensed brand names and Trademarks, as well as retaining the power to cancel franchise agreements, effectively firing agents who violated Defendant MIAMI BEACH REALTY's policies and practices, as well as retaining the power to hire independent contractors. Defendant MIAMI BEACH REALTY's agents were hired to perform sales and marketing on behalf of Defendant MIAMI BEACH REALTY, and Defendant MIAMI BEACH REALTY exercised control over agents' sales and marketing efforts, thus making these individuals employees. These agents carried out a core-business function of Defendant MIAMI BEACH REALTY, by replacing/outsourcing its sales force to solicit its services.

12. As employees of Defendant MIAMI BEACH REALTY, Defendant is directly liable for the conduct of its agents, who acted within the scope of their employment in marketing services to Plaintiff and putative class members.

13. Alternatively, Plaintiff alleges, on information and belief, that Defendant MIAMI BEACH REALTY is vicariously liable for the actions of agents. Plaintiff alleges, on information and belief Agents are required to seek approval of any marketing materials or methods from Defendant MIAMI BEACH

REALTY before putting those materials or methods into practice, pursuant to the terms of their contractual agreements. Defendant's agents had actual authority to market and advertise on behalf of Defendant MIAMI BEACH REALTY pursuant to their contracts, policies and procedures.

14. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

15. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

16. Beginning in or around May 2017, Defendants contacted Plaintiff on Plaintiff's home and cellular telephone numbers, ending in -6890 and -7505, in an attempt to solicit Plaintiff to purchase Defendants' services. Moreover, Plaintiff received these calls while Plaintiff was within the State of California, each of Plaintiff's telephone numbers identified with California area codes; specifically, Plaintiff's -6890 number beginning in (310), Los Angeles area code, and Plaintiff's -7505 number beginning in (818), San Fernando Valley area code.

17. Plaintiff's telephone numbers ending in -6890 and -7505 were added to the National Do-Not-Call Registry on or about August 23, 2005 and March 15,

2011.

18. Defendants contacted or attempted to contact Plaintiff from telephone numbers including (561) 537-1540, (954) 652-9258, (954) 609-0996, (305) 924-1119, and (305) 205-6978.

19. Defendants' calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

20. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2), as they were an attempt to promote or sell Defendants' services.

21. Plaintiff has received numerous solicitation calls from Defendants within a 12-month period.

22. Plaintiff did not have an established business relationship with Defendants during the time of the solicitation calls from Defendants.

23. Plaintiff expressly asked Defendants multiple times to be removed from Defendants' call list beginning on or about May 2017 and continuing through April 2018.

24. Plaintiff did not give Defendants prior express written consent for Defendants to call Plaintiff's home or cellular telephone for marketing or solicitation purposes. Indeed, during one phone call Plaintiff asked where Defendants had obtained his phone number, one of Defendants' agents stated that the phone numbers were obtained from a third party company called "REDX," a company Plaintiff had no knowledge of, nor had he done business with at any time.

25. Plaintiff requested for Defendants to stop calling Plaintiff during one of the initial calls from Defendants, thus revoking any prior express consent that had existed and terminating any established business relationship that had existed, as defined under 16 C.F.R. 310.4(b)(iii)(B).

26. Plaintiff's request for Defendants to stop calling Plaintiff terminated any established business relationship that may have existed between Plaintiff and Defendants pursuant to 47 CFR § 64.1200(f)(5)(i).

27. Despite this, Defendants continued to call Plaintiff in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA thus repeatedly violating Plaintiff's privacy.

28. Upon information and belief, at all relevant times, Defendants failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

## CLASS ALLEGATIONS

29. The class concerning the National Do-Not-Call violation (hereafter "The DNC Class") is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the complaint.

30. The class concerning the National Do-Not-Call violation following revocation of consent and prior business relationship, to the extent they existed (hereafter "The DNC Revocation Class") is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, after having revoked consent and any prior established business relationship, within any twelve-month period, within four years prior to the filing of the complaint.

31. Plaintiff represents, and is a member of, The DNC Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent

nor had a prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the complaint.

32. Plaintiff represents, and is a member of, The DNC Revocation Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, after having revoked consent and any prior established business relationship, within any twelve-month period, within four years prior to the filing of the complaint.

33. Defendants, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believes the Classes members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

34. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members. Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendants.

35. Plaintiff and members of The DNC Class and DNC Revocation Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and DNC Class and DNC Revocation Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the DNC Class and DNC Revocation Class members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the DNC Class and DNC Revocation Class members were damaged thereby.

36. Common questions of fact and law exist as to all members of The

DNC Class which predominate over any questions affecting only individual members of The DNC Class. These common legal and factual questions, which do not vary between DNC Class members, and which may be determined without reference to the individual circumstances of any DNC Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendants or its agents placed more than one solicitation call to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry and who had not granted prior express consent to Defendants and did not have an established business relationship with Defendants;

    b. Whether Defendants obtained prior express written consent to place solicitation calls to Plaintiff or the DNC Class members' telephones;

    c. Whether Plaintiff and the DNC Class member were damaged thereby, and the extent of damages for such violation; and

    d. Whether Defendants and its agents should be enjoined from engaging in such conduct in the future.

37. As a person that received numerous solicitation calls from Defendants within a 12-month period, who had not granted Defendants prior express consent and did not have an established business relationship with Defendants, Plaintiff is asserting claims that are typical of the DNC Class.

38. Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Revocation Class. These common legal and factual questions, which do not vary between DNC Revocation Class members, and which may be determined without reference to the individual circumstances of any DNC

Revocation Class members, include, but are not limited to, the following:

    a.    Whether, within the four years prior to the filing of this Complaint, Defendants or its agents placed more than one solicitation call to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry and who had revoked any prior express consent and any established business relationship with Defendants;

    b.    Whether Plaintiff and the DNC Class member were damaged thereby, and the extent of damages for such violation; and

    c.    Whether Defendants and its agents should be enjoined from engaging in such conduct in the future.

39. As a person that received numerous solicitation calls from Defendants within a 12-month period, who, to the extent one existed, had revoked any prior express consent and any established business relationship with Defendants, Plaintiff is asserting claims that are typical of the DNC Revocation Class.

40. Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

41. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Classes member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and

of the court system, and protects the rights of each Classes member.

42. The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

43. Defendants have acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

**On Behalf of the DNC Class and the DNC Revocation Class**

44. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

45. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular *47 U.S.C. § 227 (c)(5)*.

46. As a result of Defendants' negligent violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class and DNC Revocation Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

47. Plaintiff and the DNC Class and DNC Revocation Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///
///
///

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

**On Behalf of the DNC Class and DNC Revocation Class**

48. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

49. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, in particular *47 U.S.C. § 227 (c)(5)*.

50. As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class and DNC Revocation Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

51. Plaintiff and the DNC Class and DNC Revocation Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendants' negligent violations of *47 U.S.C. §227(c)(5)*, Plaintiff and the DNC Class and DNC Revocation Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5)*.
- Any and all other relief that the Court deems just and proper.

# SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(c)(5)*, Plaintiff and the DNC Class and DNC Revocation Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.
- Any and all other relief that the Court deems just and proper.

52. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 4th Day of February, 2020.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff